**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN HERNANDEZ-REYES,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>Respondent. | No.   19-70893<br><br>Agency No. A206-756-809<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2021[**]
Pasadena, California

Before:  O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

Edwin Hernandez-Reyes, a Guatemalan native and citizen, petitions for

review of the Board of Immigration Appeals' (BIA) denial of his applications for

asylum, withholding of removal, and protection under the Convention Against

Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252 and, reviewing the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's legal conclusions *de novo* and its factual findings for substantial evidence, we deny the petition.

The BIA did not err in rejecting as insufficiently particular or distinct Hernandez-Reyes's proposed social groups—"young males of Barberena, Guatemala who do not align themselves" with gangs and "potential witnesses against gang activity." Indeed, we have rejected nearly identical groups on these grounds before. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) ("young males in Guatemala who are targeted for gang recruitment but refuse" lacked particularity), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 744-46 (9th Cir. 2008) ("young men in El Salvador resisting gang violence" lacked particularity), *abrogated in part by Henriquez-Rivas*, 707 F.3d 1081; *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) ("[Guatemalans] who report the criminal activity of gangs to the police" lacked social distinction). Hernandez-Reyes likens his case to *Henriquez-Rivas*, 707 F.3d 1081, which concerned witnesses who publicly testify against gangs in court. Here, however, Hernandez-Reyes only reported an incident to the police, and the record lacks evidence of Guatemalan society viewing his proposed groups as somehow set apart from the general population.

Nor does the record compel the conclusion that gang members ever

2

persecuted Hernandez-Reyes for holding an anti-gang political opinion.  Rather, by his own account the gang focused on him as a potential recruit, and his refusal to acquiesce to their advances does not constitute a political opinion.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992); *Barrios*, 581 F.3d at 855-56 (rejecting the argument that a "general aversion" to gangs qualifies as a political opinion (quoting *Santos-Lemus*, 542 F.3d at 747)).  Without evidence that he was harmed on account of a protected ground, Hernandez-Reyes's asylum and withholding claims fail.

Substantial evidence also supports the agency's denial of Hernandez-Reyes's CAT claim.  Given that he safely lived in Guatemala for several months after the gang last threatened him, and relocated without incident to a different town for several months between the threats, the agency reasonably concluded that he does not face a likelihood of torture in Guatemala.  *See* 8 C.F.R. § 1208.16(c)(3)(ii).  Although the country reports document the country's gang violence, they do not establish that the violence poses a particularized risk to Hernandez-Reyes.  *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008) (per curiam).

**PETITION DENIED.**